# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ROY LEE RUSSELL
REG. #21767-009                                                                                      PETITIONER

VS.                                  2:10CV00074 JMM/JTR

T.C. OUTLAW, Warden,
FCC Forrest City                                                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## I. Background

On June 1, 2010, while serving an 18-month sentence at the Federal Correctional Complex in Forrest City, Arkansas, Petitioner initiated this § 2241 habeas action. (Docket entry #2). In his Petition, he alleges that the Bureau of

Prisons ("BOP") violated the Second Chance Act when it recommend him for 91 to 120 months of Residential Re-entry Center ("RRC") placement instead of the twelve months of RRC placement that he requested. *Id.* He argues that the BOP failed to individually consider his case in good faith. *Id.*

Respondent argues that Petitioner failed to exhaust his administrative remedies and that the BOP properly determined Petitioner's prerelease RRC placement according to the Second Chance Act. (Docket entry #8).

For the reasons discussed below, the Court concludes that Petitioner's habeas claim is moot.

## II. Discussion

The record reflects that Petitioner's habeas claim was mooted shortly after the issues were joined in this case, on September 23, 2010, when Petitioner was moved from FCC Forest City to a RRC in Little Rock, Arkansas. (Docket entry #11).

In any event, Petitioner's habeas claim is without merit. Petitioner's administrative documentation reflects that he underwent a RRC assessment on April 25, 2010, and was recommended for 91-120 days of RRC placement. (Docket entry #8-1 at 10). Importantly, there is nothing in the applicable statutes or case law that *entitles* a prisoner to RRC placement for a particular period of time, much less for 12

months.[1]  Rather, Respondent's duty is to *individually consider* a prisoner for RRC placement pursuant to the statutory factors set forth in § 3621(b). Although Petitioner was only recommended for 91 to 120 days of RRC placement, it appears that the BOP's decision was based on its individual consideration of the factors identified in

---

[1] In deciding where an inmate is to be imprisoned, the BOP must consider the following statutory factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission.  18 U.S.C. § 3621(b).  The BOP is also required by statute to ensure, "to the extent practicable," that a prisoner spends "a portion" of the final months of his prison term under conditions that afford him a "reasonable opportunity" to prepare for reentry into the community. 18 U.S.C. § 3624(c)(1). These conditions "may include" placement in a community correctional facility. *Id.*  Placement must be: (1) considered in light of the factors set forth in § 3621(b); (2) "determined on an individual basis;" and (3) of a "sufficient duration to provide the greatest likelihood of reintegration into the community." 18 U.S.C. § 3624(c)(6).

In April of 2008, Congress enacted the Second Chance Act. Among other things, the Second Chance Act amended 18 U.S.C. § 3624 to extend the maximum allowable RRC placement from 6 months to 12 months.  *See* Second Chance Act § 251, 122 Stat. 657, 692 (2008).  The BOP later enacted guidelines which specified that placement in a RRC for more than 180 days was "highly unusual" and allowable only with "extraordinary justification."  *See* BOP Program Statement 7310.04.

In *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008), the Court rejected a prisoner's challenge to the BOP following its guidelines concerning RRC placement. While the Court acknowledged that the Second Chance Act extended the maximum possible time of RRC placement to 12 months, it held that the BOP's guidelines reflected a permissible determination that "ordinarily a placement of more than 180 days is not appropriate under § 3621(b)," and that "a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement would be justified." *Miller*, 527 F.3d at 758.

18 U.S.C. § 3621(b).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2241 (docket entry #2) be DENIED, and the case be DISMISSED, WITH PREJUDICE.

Dated this 4th day of May, 2012.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE